IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-cv-20

| | |
|---|---|
| LASHONDA BROWN,<br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC.,<br><br>Defendant. | ORDER |

This matter is before the court on LaShonda Brown's ("Plaintiff") application to proceed *in forma pauperis* [DE 2] and, review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE 6]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert Jones entered a memorandum and recommendation ("M&R") [DE 7], recommending the court to dismiss Plaintiff's amended complaint for failure to state a claim and to deny Plaintiff's application to proceed *in forma pauperis* as moot. Plaintiff timely filed objections to the M&R [DE 8].

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). The court does not perform a de novo review where a party makes only

"general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Stokes v. Berryhill*, 294 F. Supp. 3d 460, 462 (E.D.N.C. 2018) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). "When reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023).

The court incorporates by reference the M&R's recitation of facts alleged in the amended complaint. *See* M&R [DE 7] 4–5. Plaintiff first objects to M.J. Jones' determination that she failed to state a claim for relief under the Federal Credit Reporting Act ("FCRA") 15 U.S.C. § 1681s-2(b). [DE 8] 2. Of relevance, Plaintiff contends she plausibly stated a claim for relief because she "alleges the Defendant verified the tradeline as accurate despite lacking documentation establishing ownership, lawful assignment, or authority to collect the alleged debt. [And] [t]he complaint further alleges [] Defendant failed to conduct a reasonable investigation and continued furnishing inaccurate and unverifiable information." [DE 8].[1] Plaintiff's amended complaint does not identify the account(s), amounts allegedly owed, or the original creditor; and she does not allege Portfolio had no relationship with unidentified creditor. *See* [DE 6] ¶¶ 1–28, 42–44. Her objections focus on the lack of documentation. *See* [DE 8] 2 . Plaintiff fails to "allege facts that, if true, indicate an inaccuracy or incompleteness in [her] credit report that is objectively and readily verifiable." *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 253 (4th Cir. 2025); *see also*

[1] "Tradeline is a term used by credit reporting agencies to describe credit accounts listed on your credit report. For each account you have, there is a separate tradeline, which includes information about the creditor and the debt." *Poindexter v. Equifax Info. Servs., LLC*, No. 6:25-CV-00043, 2025 WL 2976924, at *1 n.2 (W.D. Va. Oct. 21, 2025) (internal quotation marks and citation omitted).

*McDaniel v. Experian Info. Sols., Inc.*, No. 3:26-CV-00500-KDB-MTO, 2026 WL 2569015, at *4 (W.D.N.C. Aug. 31, 2026) (finding plaintiff failed to establish inaccuracy when the plaintiff confirmed the existence of a contract, amount owed, and creditor reported the amount as an unpaid balance); *Wilson v. Carrington Mortg., S.E.*, No. 222CV03595BHHMHC, 2023 WL 7536168, at *5–7 (D.S.C. Oct. 23, 2023), *report and recommendation adopted,* No. 2:22-CV-3595-BHH, 2023 WL 7534932 (D.S.C. Nov. 13, 2023); *c.f. Ramirez v. LVNV Funding*, No. 24-CV-2335-ABA, 2025 WL 1665388, at *8 (D. Md. June 12, 2025). Additionally, Plaintiff's claim fails because she fails to state how Portfolio failed to conduct a reasonable investigation. *See Hall v. Halsted Fin. Servs., LLC*, No. 6:25-CV-00068, 2025 WL 3515266, at *3 (W.D. Va. Dec. 8, 2025) (finding allegation of failure to investigate was conclusory and unsupported with factual allegations in the amended complaint). Plaintiff's first objection is overruled.

Second, Plaintiff objects to M.J. Jones' determination that she failed to state a claim for relief under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692e. [DE 8] 2–3. Of note, Plaintiff contends she states a claim for relief because she alleged "Defendant falsely represented the character, amount, and legal status of an alleged debt by reporting and attempting to collect a debt without substantiating ownership or authority to collect." Among other issues, the amended complaint does not identify the account(s), amounts allegedly owed, the original creditor, or communications from Portfolio to Plaintiff about the consumer debt; does not specify facts to show an obligation to pay a consumer debt or that Portfolio is a debt collector under the FDCPA; and she does not allege Portfolio had no relationship with unidentified creditor. *See* [DE 6]. Like Plaintiff's FCRA claim, Plaintiff makes conclusory allegations about Portfolio's failure to prove its "ownership, assignment, or authority to collect" the debt, *id.* ¶¶ 13–22. Plaintiff fails to state a claim under § 1692e. *See Baines v. Lvnv Funding LLC,* No. 5:25-CV-506-BO-RN, 2026

WL 782163, at *3–4 (E.D.N.C. Mar. 19, 2026); *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776–84 (E.D.N.C. 2011); *Alston v. United Collections Bureau, Inc., No.* CIV.A. DKC 13-0913, 2014 WL 859013, at *5 (D. Md. Mar. 4, 2014); *Sloan v. LVNV Funding, LLC,* No. CV DLB-25-641, 2025 WL 2997582, at *5 (D. Md. Oct. 24, 2025). Plaintiff's second objection is overruled.

Third, and last, Plaintiff contends M.J. Jones required Plaintiff to "identify documentary proof of inaccuracy or provide evidentiary detail regarding the alleged debt." [DE 8] 3. Upon de novo review of the M&R [DE 7], Plaintiff's argument is without merit. Plaintiff's third objection is overruled.

Plaintiff moves for leave to amend her first amended complaint. [DE 8] 3–4. Leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied when an amendment would be futile. *See Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986). Plaintiff does not propose a second amended complaint or forecast the factual allegations she would amend to cure the deficiencies identified in the M&R. *See* [DE 8]. Thus, the court denies Plaintiff's request for leave to amend.

Therefore, upon de novo review of the M&R and the record presented, and finding no error, the court ADOPTS the recommendation of Magistrate Judge Jones as its own. For the reasons stated herein, Plaintiff's objections to the M&R are OVERRULED. Plaintiff's complaint [DE 6] is DISMISSED WITHOUT PREJUDICE and the application to proceed *in forma pauperis* [DE 2] is DENIED AS MOOT. The Clerk of the Court is directed to close this case.

SO ORDERED this 30th day of September, 2026.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE